UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PETER HEINZ KAMILLO ROIGK,

           Plaintiff,

-against-

JAMAICA HOSPITAL MEDICAL CENTER, ET AL.,

           Defendants.

25-CV-3428 (KMW)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

KIMBA M. WOOD, United States District Judge:

    Plaintiff, appearing *pro se*, brings this action alleging that Defendants violated his rights. By order dated May 20, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. ECF No. 10. For the reasons set forth below, the Court dismisses the complaint, but grants Plaintiff 30 days' leave to replead his claims in an amended complaint.

## STANDARD OF REVIEW

    The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction over the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

    Although the law mandates dismissal on any of these grounds, the Court is obligated to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits –- to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2).

## BACKGROUND

Plaintiff brings this action using the court's general complaint form, to which he attaches an additional 80 pages. It is unclear whom Plaintiff seeks to sue. The caption of the complaint lists the following defendants: "Jamaica Hospital Medical Center, Responsible Individual, Here As John Doe, Named Individuals Too, Same for BCR, Germany (Steinheier)." (ECF 1, at 1.) This caption, however, is crossed out and includes a note directing the Court to see Attachment 1A. Attachment 1A appears to identify as Defendants Jamaica Hospital; the "BRC," which the Court understands to be the Bowery Residents' Committee, and possibly, several of its employees; Dr. John Chuey of Mount Sinai Medical Center; Mark A. Stephen DO; and, possibly, "Germany," the Federal Bureau of Investigation ("FBI") and the Central Intelligence Agency ("CIA"). (*See id.* at 20-23.)

The statement of facts on the complaint form refers the Court to attachments. One attachment alleges,[1]

> Both: Dr. Chuey as also Mark A Stephen DO, did not provided a statement regarding a disability, due to lasting injuries since 1995, in regards of my qualification as: Foley artist, sou[n]d editor, sou[n]d design, sound-technician, what I demanded too important to compensation, as victim of crime, with a loss of

---

[1] Plaintiff writes using irregular capitalization. For readability, the Court uses standard capitalization when quoting from the complaint. All other spelling, grammar, and punctuation appear as in the complaint unless otherwise noted.

> income, but never became. Further statements coming. Also later injuries, also results of crime against me where never investigated in. See DK attachment as example. The losses of my own other works, sound library, recordings, investments and more are to see different to intellectual property, but to compensate too. For "BCR" see additional notes coming ASAP.

(*Id.* at 5-6.)

Additional attachments to the complaint include similarly confusing allegations. For example, Plaintiff alleges,

> Medicine precise dates and causes, FEW IMPORTANT, here in addition named DETAILS, play a larger Role, not only in RELATION to the STATEMENTS, Confessions, or "Michael Olovnikov" but also in regards of "Psychoterror and Defamation, as also several DEAD, MISSING and or raped individuals, also IMPORTANT to show a stringent Strategy and similar TACTICS, including use of individuals and groups, to see in RELATION TO: Sexual Crimes, Mental Diseases, Psychiatry, Justice and Authorities, Prostitution, not only female as also male, homosexual and heterosexual, also non adult too, and specific Drugs (Amphetamines too).

(*Id.* at 8.)

Furthermore,

> THIS DESCRIPTION in DETAIL, is in NEED, to show, each specialist in his DEPARTMENT here SURGERY and Neurology in Particular, Belzig Hospital, Drechsel, Ehret, Konig, Grimmer, (Altenkirch in its Funktion) action, already at this Time, if due to Inventions (Belzig most possible in this Way to interpret), pressure, or with representing other Interests (that is to show more in Detail) against MY INTERESTS, the ETHICS and even LAWS. . . .

(*Id.* at 10.)

Plaintiff accuses Jamaica Hospital of "conceal[ing] and facilitat[ing] crimes and gain[ing] advantages" by, in part:

> [u]sing, for example, Muslim milieus with their own motives, including racist ones, as well as patients and former patients with inhume motives and means, to gain power and thus also financial advantages. Strengthening connections abroad, promising advantages and participation in illegally acquired property. Preventing diagnostics that are intended to prove human rights violations in any form of my privacy. Also preventing any form of compensation, even in Germany, to which I am legally entitled, but which has been denied for decades and which could enable me to have a lawyer and receive appropriate medical treatment.

3

(*Id.* at 20.)

With respect to BRC, Plaintiff's allegations begin:

BRC, A Miss Payne, and, male, Person (He), not known by his name, male ("John Doe"), as BRC Administrative higher ranked described acted, (146 Clay St, Brooklyn 11222 NY) in my presence, in two Situations, obvious with the intention to cause further physically Harm as also in the Intention to humiliate me: A, by plan, also in obvious knowledge of cause and consequences in health regards damaged larger suitcase (Handle and Wheels, see also attachment Denmark) with a Trolley to transport it, was stored in the Cellar, due to its Size, there. . . .

(*Id.* at 21.)

The remainder of Plaintiff's submission consists of portions that are stated in English, and portions that are stated in German. The English portions are incomprehensible. The Court has not had the portions that are in German translated into English.

After filing the complaint, Plaintiff filed seven additional letters and supplements of varying length. (ECF 3, 5, 6, 7, 8, 9, 11.) Those documents are similarly incomprehensible.

## DISCUSSION

**A.     Rule 8**

Although *pro se* litigants generally enjoy the Court's "special solicitude," *Ruotolo v. I.R.S.*, 28 F.3d 6, 8 (2d Cir. 1994) (per curiam), their pleadings must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. A complaint states a claim for relief if it includes enough facts to be plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To review a complaint for plausibility, the court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's favor. *Id.* (citing *Twombly*, 550 U.S. at 555). But the court need not accept

4

"[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions. *Id*. at 678 (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible –- not merely possible –- that the pleader is entitled to relief. *Id.*

A complaint fails to comply with Rule 8(a)(2) if it is 'so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" *Strunk v. U.S. House of Representatives*, 68 F. App'x 233, 235 (2d Cir. 2003) (summary order) (citation omitted). Rule 8 "does not demand that a complaint be a model of clarity or exhaustively present the facts alleged," but it does require, "at a minimum, that a complaint give each defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." *Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001) (citation and quotation marks omitted). "Complaints which ramble, which needlessly speculate, accuse and condemn, and which contain circuitous diatribes far removed from the heart of the claim do not comport with these goals and this system." *Barsella v. United States*, 135 F.R.D. 64, 66 (S.D.N.Y. Mar. 18, 1991) (internal quotation marks and citation omitted).

Here, Plaintiff's complaint does not comply with Rule 8 because it does not include a short and plain statement showing that Plaintiff is entitled to relief. Plaintiff's voluminous submissions are disorganized and largely incomprehensible. It is unclear to the Court, and would be to any responding defendant, what claims Plaintiff is seeking to assert and the factual bases for those claims. The Court therefore dismisses the complaint for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

In light of Plaintiff's *pro se* status, the Court grants him leave to replead his claims in an amended complaint that complies with the Rule 8. If Plaintiff files an amended complaint, he

must clearly identify the parties he seeks to sue and provide a short and plain statement showing that he is entitled to relief against each defendant.

**B.      Supplemental Jurisdiction**

A district court may decline to exercise supplemental jurisdiction over state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted). Having dismissed the federal claims over which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction over any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'") (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997)).

## LEAVE TO AMEND GRANTED

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Lucente v. Int'l Bus. Machines Corp.*, 310 F.3d 243, 258 (2d Cir. 2002). Indeed the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Although it is unclear at this stage

whether Plaintiff may be able to state a valid claim, the Court grants Plaintiff 30 days' leave to amend his complaint to cure the deficiencies identified above.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

## CONCLUSION

The Court dismisses the complaint, filed IFP under 28 U.S.C. § 1915(a)(1), for failure to state a claim on which relief may be granted, *see* 28 U.S.C. § 1915(e)(2)(B)(ii). The Court grants Plaintiff 30 days' leave to replead.

The Court declines to exercise supplemental jurisdiction over any state law claims Plaintiff may be asserting. *See* 28 U.S.C. § 1367(c)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated:   October 21, 2025
         New York, New York

/s/ Kimba M. Wood
KIMBA M. WOOD
United States District Judge